UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES C. JERNIGAN                                     CIVIL ACTION NO.
                                                      07-7125

VERSUS

FLORIDA MARINE TRANSPORTERS, INC.                     SECTION M

**ORDER**

Before the Court is Defendant, Florida Marine Transporters, Inc.'s (Florida Marine's Motion for Partial Summary Judgment which is opposed by plaintiff and which came for hearing on May 14, 2008, on the briefs. After consideration of the motion, the briefs, and the applicable law, the Court denies the motion.

James C. Jernigan is a 46-year old Jones Act seaman, who injured his shoulder on or about May 8, 2007 aboard the M/V LAUREN ELIZABETH. Jernigan was the sole tankerman aboard the vessel, and alleges that as he was attempting to loosen the stern barge in the tow and was lifting a face wire from the tow knee, he felt discomfort in his right shoulder. The incident was not witnessed, and Jernigan finished his hitch before reporting his injury. Despite having surgery and physical therapy, Jernigan alleges he remains unable to raise his right arm and is therefore unable to return to work.

Florida Marine brings this motion for summary judgment maintaining that the fact

that Jernigan was aboard the LAUREN ELIZABETH at the time of his injury is insufficient to maintain a valid claim for unseaworthiness or Jones Act negligence. Florida Marine alleges that Jernigan cannot prove any negligence on the part of Florida Marine, or its employees that either caused or contributed Jernigan's injuries, nor does he bring any evidence of any unseaworthy conditions about the vessel which caused contributed to his injuries.

In his opposition Jernigan argues that Florida Marine was negligent in that it failed to provide sufficient crew according to its own Operations Manual alleging that the crew of the LAUREN ELIZABETH was extremely shorthanded and Jernigan was required to work hours in excess of Florida Marine's policy establishing maximum allowable hours within a twenty-four hour period. Jernigan alleges that he worked well in excess of Florida Marine's sixteen hour limit between May 7 and 8, and only had six hours of rest during the time period. They allege that from the evidence submitted, there are genuine issues of material fact to be determined by a jury.

We agree. Florida Marine's operation manual requires that a tankerman must not work more than 16 hours in any 24 hour period, of any work, unless in an emergency. The possibility that the evidence may show that Jernigan did work more than 16 hours during the days of May 7th and 8th is a factual issue that the Court must not take away from the jury. The accident occurred at approximately 3:45 a.m. after Jernigan had apparently worked more than 12 hours. Whether or not this work played a part in the accident is matter to be determined by the jury.

Further, evidence and testimony regarding Florida Marine's policies and their

enforcement efforts are determinations for the jury.

Accordingly, the motion for partial summary judgment is **DENIED.**

New Orleans, Louisiana, this 15th day of May , 2008.

_____
Peter Beer
United States District Judge